### McKee v. Halase.

*Chester City—Party-walls—Porch—Ornamental or special construction.*

1. The party-wall system is applicable to the City of Chester.
2. The purpose of party-walls is to afford economy of space and protection against fire, and that they may be beneficial to owners of adjoining tenements.
3. The party-wall rule does not extend to porches or one-story buildings for ornamental or special use.

Motion by defendant to vacate decree *pro confesso*. C. P. Delaware Co., June T., 1920, No. 700.

*A. D. MacDade*, for plaintiff; *H. E. Hannum*, for defendant.

BROOMALL, J., July 5, 1921.—The bill of the plaintiff in this case avers that she and the defendants are owners of adjoining houses on the east side of said McIlvaine Street, eighty feet south of Seventh Street, in the City of Chester, and that the defendants have built a porch in front of their house, with a foundation-wall extending to the width of four inches on the plaintiff's property. The bill prays for relief against this encroachment and for the removal of the encroaching wall. The bill was duly served on the defendants, and, no answer having been made thereto, a decree *pro confesso* was entered

1 D. & C.

McKee v. Halase.

in favor of the plaintiff and against the defendants on Dec. 8, 1920. On Dec. 22, 1920, the defendants presented their petition to vacate the said decree, averring ignorance of their rights, and averring that they have a defence thereto. A hearing was had on this petition, wherein it was made to appear that the houses of the plaintiff and defendants were built some years ago by the then owner of both of them, who established a party-wall between the houses. The then owner conveyed the houses to different persons, making the line of the middle of the party-wall the dividing line between them. These titles have come down to the parties in this case. The houses were made to recede a certain distance from the street. The defendants have built a porch in front, one story high, with cellar underneath, and have supported it by a wall on the side adjoining the plaintiff, extending on her land four inches, claiming the right to do so as a party-wall.

We are of opinion that the defendants are entitled to relief from the decree *pro confesso*, provided they have a defence. And this presents the question now before the court, whether they have any defence, or, more concretely, whether the wall of the porch is a party-wall.

The party-wall system is a rule of property in Pennsylvania, wherever it is made to apply directly by legislative action or indirectly by municipal action under authority of legislative action: Jackman *v.* Rosenbaum Co., 263 Pa. 158.

Does the party-wall system apply to the City of Chester?

The supplement to the act incorporating the Borough of Chester of April 6, 1850, P. L. 346, in its 12th section, empowers the borough council "to make permanent rules relative to . . . party-walls."

By the General Borough Law of April 3, 1851, P. L. 320, boroughs are empowered to make all needful regulations as to party-walls. This act applies to boroughs thereafter incorporated. The Borough of Chester has long since been incorporated. In its 33rd section, it provides that boroughs theretofore incorporated might come under the provisions of the act by application to the Court of Quarter Sessions. We are not informed whether such an application was made.

By the Act of Feb. 14, 1866, P. L. 30, the Borough of Chester was incorporated as the City of Chester, and the laws and ordinances of the Borough of Chester were extended to the City of Chester.

By the Act of April 2, 1867, § 1, cl. 5, P. L. 677, the mayor and council are empowered to make all needful regulations respecting party-walls.

By the Act of April 3, 1867, P. L. 696, the building inspector is empowered to enter upon lands to regulate party-walls. Section 14 prescribes the width of party-walls. Section 15 prescribes that party-walls shall be built ten inches above the roof.

By the Act of May 23, 1889, art. v, § 3, cl. 44, P. L. 294, cities of the third class, to which Chester belongs, are authorized to enact ordinances to regulate party-walls.

Therefore, we conclude from this legislation that the party-wall system is applicable to the City of Chester as a rule of property.

It also seems that what is meant by a party-wall in this system is a wall which extends ten inches above the roof. The purpose of party-walls is to afford economy of space and as a protection against fire. The protection against fire is only subserved by extending a party-wall above the roof. The theory of party-walls is that they may be mutually beneficial to owners of adjoining tenements; but where one owner builds one-story tenements by way of ornament, or for the special use of his property, it by no means follows

McKee *v.* Halase.

that his neighbor will desire to build such ornamental structures, or even useful adjuncts. We are of opinion that the foundation-wall of a one-story front porch is not a party-wall to which the system applies.

Being of opinion that the defendants have presented no proof showing that their rights have been invaded by the decree in this case, we refuse their motion to vacate the decree.

We withhold proceedings against the defendants as for a contempt for later action.

From A. B. Geary, Chester, Pa.